THOMAS CAHILL, APPELLANT, *v.* HENRY HILTON AND OTHERS, RESPONDENTS.

*Inquest — when it will be set aside because of the unexpected absence of one of the defendants' material witnesses — the right to do so is not affected by the fact that the trial court refused to postpone the trial.*

One Carpenter, a resident of Connecticut, was an important and necessary witness for the defendants upon the trial of this action. He attended on one trial when the jury disagreed, and at another term of the court when the cause was not tried. At the term at which the jury disagreed he promised to attend at the next, the June, circuit, and the counsel for the defendants relied on this promise and expected that he would attend. On the first day of the June Circuit the cause was set down for Thursday. Carpenter, upon being apprised of this fact by a telegram, replied that he would be unable to attend. Upon these facts the defendants applied for a postponement of the trial, which was denied, whereupon an inquest was taken and a judgment entered in favor of the plaintiff.

Upon a motion made by the defendants the court at Special Term made an order setting aside the inquest, and vacating the judgment, and granted a new trial, upon the payment by the defendants of plaintiff's trial and witness fees and the costs of the motion

*Held,* that this was proper.

That the right of the court to make such an order was not affected by the fact that no appeal had been taken from the order denying the motion for a postponement.

APPEAL from an order made at a Special Term setting aside an assessment of damages and a judgment entered thereon, upon the payment by the defendants of the plaintiff's trial fee and witness fees, together with the costs of the motion.

*Austen G. Fox,* for the appellant.

*Thompson, Weeks & Lown,* for the respondents.

DYKMAN, J. :

This action is for the recovery of damages for a personal injury. Edward Carpenter, a resident of the State of Connecticut, is an important and necessary witness for the defendants on the trial. He attended on one trial when the jury disagreed, and at another term of the court when the cause was not tried. At the March Circuit in 1883, after the disagreement of the jury, he promised and agreed to attend as a witness at the June Circuit, and the counsel for the defendants relied on his promise and expected his attendance. On the first day of the court, in June, 1883, the cause was set down for trial on Thursday, and the counsel for the defendants apprised Carpenter of the fact and requested his attendance as a witness on that day by telegraph. Carpenter received the telegram, and then for the first time answered back that he was unable to attend. These facts were presented to the trial judge and motion made for a postponement of the trial, which was denied. An inquest was then taken and judgment has been entered.

Then a motion was made at Special Term, on affidavits and papers setting forth these facts, to open the default, which was granted, and the assessment of damages and judgment were set aside on terms. The appeal is from this last order, and our examination of the facts leads us easily to the conclusion that it was a just exercise of discretion. While, as an abstract proposition, the absence of a foreign witness is an insufficient ground for the postponement of a trial at the circuit, yet there may be controlling circumstances which render it sufficient in connection with other facts. It was so here. The witness had attended on previous terms of the court voluntarily ; he was ready and willing to so attend again. He had so agreed to attend at the term of the court where the default was taken. He was expected and his attendance was relied on until the opening of the court. He was an important witness for the defendants. After that the time was insufficient to take his testimony by commission.

As there has been no appeal from the order of the trial judge refusing to postpone the trial we cannot review the action which resulted in such order, and the subsequent motion to open the default is not to be viewed as an appeal from that order. Motions to open defaults taken at the circuit are by no means uncommon or

unusual, and they are not unfrequently made where the motion for a postponement has been denied by the trial judge. Neither does the granting of such motion call in question the propriety of the proceedings at the circuit. They are usually based on new papers and further facts, and are addressed to the Special Term of the court where adequate conditions may always be imposed in full view of all the facts.

The former trial of the cause resulted in a disagreement of the jury, and now a large judgment has been obtained against the defendants by default. It will be much more satisfactory to reach that result by a fair trial, and our conclusion is that the action of the Special Term in opening the default and affording an opportunity for a trial was a wise exercise of discretion.

The order appealed from should be affirmed, with costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.